UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MATTHEW J. CREHAN,

               Plaintiff,           No. _____

v.                                      Hon. _____
                                      United States District Judge

VARNUM, RIDDERING, SCHMIDT &
HOWLETT LLP, d/b/a VARNUM LLP and
VARNUM, and,
DAVID T. CALDON,

               Defendants.

_____/

**COMPLAINT and JURY DEMAND**

**I.  Introduction**

      1. Plaintiff brings this Complaint against defendants Varnum, Riddering, Schmidt & Howlett, d/b/a Varnum LLP and Varnum and one of its attorneys, David T. Caldon, seeking damages to redress the defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.,* a federal law that prohibits debt collectors from engaging in abusive, deceptive, or unfair practices.  In this case, the defendants improperly attempted to collect and improperly collected amounts that the plaintiff purportedly owed a condominium association.

## II.  Jurisdiction and Venue

2. This Court has jurisdiction according to 15 U.S.C. §1692k(d).  Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

3.  Venue is appropriate in this judicial district for the reasons that the defendants transact business here, the pertinent events took place here, and the plaintiff resides here.

## III.  Parties

4.  Plaintiff Matthew J. Crehan (hereafter "Mr. Crehan" or "Crehan") is a natural person residing in Cascade Township, Kent County, Michigan.  Mr. Crehan is a "consumer" and "person" as those terms are defined and used in the FDCPA.

5.  Defendant Varnum, Riddering, Schmidt & Howlett LLP (hereafter "Varnum, Riddering") is a Michigan limited liability partnership conducting and transacting business at all relevant times under the names Varnum LLP and Varnum pursuant to public court filings and Business Registration Certificates filed with the Office of the County Clerk for Kent County, Michigan.  The business address of Varnum, Riddering is 333 Bridge Street, N.W., Suite 1700, Grand Rapids, Michigan, 49504.  According to the records of the Kent County Clerk, Varnum, Riddering is a partnership and its Managing Partner is David E. Khorey, purportedly residing in Grand Rapids, Kent County, Michigan.  At all relevant times, Varnum, Riddering, Varnum LLP, and Varnum represented themselves to be engaged in the practice of law through public filings and private communications under the names Varnum LLP and Varnum.  Varnum LLP's and Varnum's business addresses are identical to that of Varnum, Riddering's.

6.  Defendant Varnum, Riddering, d/b/a Varnum LLP and Varnum regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and uses the mails and interstate commerce in its activities, thus affecting interstate commerce.

7.  At times relevant to this cause, defendant Varnum, Riddering, d/b/a Varnum LLP and Varnum often, though by no means always, identified itself to Mr. Crehan as a debt collector.

8.  Defendant Varnum, Riddering d/b/a Varnum LLP and Varnum is a "debt collector" as that term is defined and used in the FDCPA.

9.  Defendant David T. Caldon is an individual purportedly residing in Michigan. Defendant Caldon is licensed (No. P62828) by the State Bar of Michigan to practice law in Michigan.  Defendant Caldon regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and uses the mails and interstate commerce in such activities and his activities thus affect interstate commerce.

10.  At times relevant to this cause, defendant Caldon often, though by no means always, identified himself to Mr. Crehan as a debt collector.

11.  Defendant Caldon is a "debt collector" as the term is defined and used in the FDCPA.

12.  Defendant Caldon is a partner, owner, manager and agent of defendant Varnum, Riddering d/b/a Varnum LLP and Varnum.

13.  Defendant Caldon helped create, approved, implemented and ratified the practices described below in this Complaint.

14.  During all times pertinent hereto, defendant Caldon directly and indirectly participated in the efforts to collect the consumer debt as described below.

## IV.  Facts

15.  At all times relevant hereto, plaintiff Matthew J. Crehan owned through his Talamore for Three Trust and occupied for his personal residence, a condominium in the Watermark Club Homes Condominium Association (hereafter "Condominium Association") at 1959 Talamore Court in Cascade Township, Michigan.

16.  The ownership and occupancy of the foregoing condominium by the plaintiff and according to the Michigan Condominium Act, M.C.L. § 559.101, *et seq*., the Watermark Club Homes Master Deed, the Watermark Club Homes Condominium By-Laws and the Watermark Club Homes Association Rules, Regulations and Policies resulted in the plaintiff's obligation to pay money on an account identified by the Condominium Association as pertaining to him.

17.  Any resulting obligation of the plaintiff to pay money on the foregoing account was a "debt" as the term is defined and used in the FDCPA.

18. The transaction involving the plaintiff's paying money to the Condominium Association as part his owning and occupying his condominium as his personal residence was primarily for personal, family or household purposes.

19.  The Michigan Condominium Act, M.C.L. § 559.101, *et seq*., the Watermark Club Homes Master Deed, the Watermark Club Homes Condominium By-Laws and the Watermark Club Homes Association Rules, Regulations and Policies describe and specify the plaintiff's financial obligations to the Condominium Association for the ownership and occupancy and use of his residence.

4

20.  The plaintiff's ownership and occupancy of the his condominium occasioned the obligation to pay the Condominium Association periodic "assessments" identified as "Quarterly Maintenance Fees" in the approximate amount of $1250.00.

21.  At all times relevant hereto, the Condominium Association enlisted the services of Gerow Management Company, Inc. ("Gerow Management"), to assist in management of the Watermark Homes Condominium Association.

22.  During late in the year 2015, the plaintiff became delinquent on his quarterly financial obligations to the Condominium Association.

23.  Pursuant to the Michigan Condominium Act, M.C.L. § 559.208, and § 5.5 of the Watermark Club Homes Condominium By-Laws, on or about February 16, 2016, Gerow Management caused to be recorded with the Kent County, Michigan, Register of Deeds a Notice of Lien, a true and accurate copy of which is attached as Exhibit A.

24.  According to the Michigan Condominium Act, the plaintiff's obligation to pay the Condominium Association for his delinquent assessment was defined, pursuant to M.C.L. § 559.208(1), as "in accordance with the condominium documents".

25.  The Condominium Association By-Laws permitted the collection of " . . . reasonable fines or interest at the legal rate on such assessments from and after the due date" and " . . . all expenses incurred in collection, including interest, costs and actual attorney fees . . ."    Condominium Association By-Laws, § 5.5(a).

26.  At all times relevant hereto, Watermark Club Homes Condominium Association, through Gerow Management, enlisted defendant Varnum, Riddering, d/b/a Varnum LLP and Varnum, and defendant Caldon, to collect amounts owed or alleged to be owed by the plaintiff to the Condominium Association for the assessments and other charges lawfully owing the Condominium Association.

5

27.  During 2015 the Condominium Association identified an issue with the plaintiff's parking two motor vehicles in his condominium driveway and either directly or indirectly engaged defendants Varnum, Riddering d/b/a Varnum LLP and Varnum, and/or defendant Caldon for legal services related to that issue.

28.  The defendants rendered legal services and advice to the Condominium Association regarding the issue of the plaintiff parking the two motor vehicles in his condominium driveway and billed the Condominium Association $498.50 for those legal services.  Those services are reported on Exhibit B, attached hereto.

29.  There existed no provisions in the Michigan Condominium Act, *supra*, the Master Deed, the By-Laws or the Condominium Associations Rules, Regulations and Policies for simply demanding or collecting payment for the defendants' legal services of $498.50 to the Condominium Association in connection with the plaintiff's parking two motor vehicles in his condominium driveway.

30.  Defendant Varnum, Riddering d/b/a Varnum LLP and Varnum, and defendant Caldon attempted to collect payment for their legal services of $498.50 billed to the Condominium Association as part of their demand for payment to discharge the lien (Exhibit A) that the Condominium Association, through Gerow Management had recorded on the plaintiff's condominium with the Kent County Register of Deeds.

31.  Defendant Varnum, Riddering d/b/a Varnum LLP and Varnum, and defendant Caldon collected payment of $498.50 for their legal services billed to the Condominium Association when, on June 29, 2016, the plaintiff paid $7440.85 (Exhibit C) through those defendants to discharge the lien (Exhibit A) that the Condominium Association, through Gerow Management had recorded on the plaintiff's condominium with the Kent County Register of Deeds.

32.  It was false, misleading and deceptive of the defendants to represent to the plaintiff that the foregoing $498.50 was required to satisfy his obligation to the Condominium Association and discharge the lien upon his condominium.

33.  It was false, misleading and deceptive of the defendants to represent to the plaintiff that the $498.50 for legal services could be lawfully received by the defendants for the collection of the debt that the plaintiff owed the Condominium Association.

34.  The attempted collection or collection of the above-described $498.50 was not expressly authorized by any of the documents creating the plaintiff's obligations to the Condominium Association, Gerow Management or the defendants.

35.  The attempted collection or collection of the above-described $498.50 was not permitted by law.

36.  Gerow Management, to whom the plaintiff complained, ultimately credited the plaintiff $498.50 on behalf of the Condominium Association.

37.  As a direct and proximate result of the defendants' actions, the plaintiff was injured in his loss of use of his funds, his having to pay more than allowed for the release of the lien and his upset and distress.

**V.  Fair Debt Collection Practices Act Violations**

38.  The foregoing allegations are incorporated by reference.

39.  The Fair Debt Collection Practices Act is a consumer protection statute that imposes open-ended prohibitions on false, deceptive, or unfair debt collection practices.

40.  A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. 15 U.S.C. §1692e.

41.  The defendants' request for the payment of the foregoing $498.50 included in the sum the plaintiff was required to pay to discharge the lien on his condominium was false, deceptive and misleading.

42.  A debt collector may not falsely represent the character, amount or legal status of any debt.  15 U.S.C. §1692e(2)(A).

43.  The defendants falsely misrepresented the amount of the plaintiff's debt by including it in the amount necessary for plaintiff to discharge the lien and become current on his obligations to the Condominium Association.

44.  A debt collector may not falsely represent any services rendered or compensation which may be lawfully received for the collection of a debt. 15 U.S.C. §1692e(2)(B).

45.  The defendants were not entitled to claim $498.50 compensation from the plaintiff to either themselves or the Condominium Association for the legal services they rendered the Condominium Association.

46.  A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  15 U.S.C. §1692f.

47.  The defendants using the process of filing and threatening the enforcement of the lien on the plaintiff's condominium to obtain payment of the sum of $498.50 to which the Condominium Association was not entitled to pay the defendants' attorney fees was unconscionable and unfair on account of the leverage it gave the defendants to secure payment of monies it was demanding.

48.  A debt collector may not collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is

expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. §1692f(1).

49. The collection of the $498.50 attorney fees was not expressly authorized by the agreements creating the plaintiff's debt to the Condominium Association, nor was it permitted by law.

## VI. Relief Requested for Violations of Fair Debt Collection Practices Act

50. Plaintiff incorporates the foregoing paragraphs and respectfully requests of this Court:

(A) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

(B) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

(C) Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3);

(D) A declaration that the practices of defendant Varnum, Riddering d/b/a Varnum LLP and Varnum and defendant Caldon, violate the FDCPA; and,

(E) Such other and further relief as appropriate.

### Demand for Trial by Jury

Plaintiff demands trial by jury upon all issues so triable.

Dated: June 27, 2017

/s/ Anthony J. Valentine
Anthony J. Valentine
Attorney at Law
Attorney for Plaintiff
Ste. 227, 29 Pearl Street, N.W.
Grand Rapids, MI 49503
(616) 288-5410
*tonyvalentinelaw@gmail.com*